IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 27 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-02290-BNB

ANDREW WOLTERS,

    Plaintiff,

v.

ALEX HUNTER, Boulder District Attorney, and
TOM WICKMAN, Boulder Police Detective,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Andrew Wolters, is a prisoner in the custody of the United States Bureau of Prisons at a federal prison in Pollock, Louisiana. Mr. Wolters has filed *pro se* a Prisoner Complaint alleging that Defendants have violated his rights under the United States Constitution. The court must construe the complaint liberally because Mr. Wolters is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Wolters will be ordered to file an amended complaint.

The court has reviewed Mr. Wolters' complaint and finds that it is deficient. First, Mr. Wolters appears to be challenging the validity of his conviction and part of the relief he seeks is to be released from prison. Mr. Wolters was convicted of armed bank robbery in the United States District Court for the Central District of California and he is serving a sentence of 610 months in prison. **See United States v. Wolters**, 48 F.

App'x 258 (9th Cir. 2002). However, Mr. Wolters may not challenge the validity of his conviction in this court in this action. Any claims Mr. Wolters seeks to raise challenging the validity of his conviction or sentence must be raised in a habeas corpus action in an appropriate court.

In addition to his claims challenging the validity of his conviction, Mr. Wolters apparently also asserts a claim or claims challenging the conditions of his confinement because he asserts that he has been subjected to prison abuse at least one hundred times. Although claims challenging prison conditions properly are raised in a civil rights action like the instant case, Mr. Wolters' complaint remains deficient because the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989).* The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992).* Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a

pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Wolters fails to set forth a short and plain statement of his prison condition claims showing that he is entitled to relief. Mr. Wolters fails to allege specific facts that link the named Defendants with the prison conditions that allegedly violate his constitutional rights. Therefore, Mr. Wolters will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. In order for Mr. Wolters to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Wolters file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Wolters, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Wolters fails to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction

within the time allowed, the action will be dismissed without further notice.

DATED November 27, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02290-BNB

Andrew Wolters
Reg. No. 10010-112
U.S. Penitentiary
PO Box 2099
Pollock, LA 71467

    I hereby certify that I have mailed a copy of the **ORDER and** and **two copies of Prisoner Complaint** to the above-named individuals on 11/27/07

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk