IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-02290-WYD-CBS

ANDREW WOLTERS,

    Plaintiff,

v.

ALEX HUNTER, Boulder District Attorney; and
TOM WICKMAN, Boulder Police Detective,

    Defendants.

**ORDER AFFIRMING AND ADOPTING UNITED STATES MAGISTRATE JUDGE RECOMMENDATION**

THIS MATTER is before the Court in connection with Defendants' Joint Motion to Dismiss (docket #33), filed March 3, 2008. This motion was referred to Magistrate Judge Shaffer for a recommendation by Order of Reference dated February 13, 2008. A Recommendation of United States Magistrate Judge was issued on December 22, 2008, and is incorporated herein by reference. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Magistrate Judge Schaffer recommends therein that Defendants' Motion to Dismiss be granted. More specifically Magistrate Judge Schaffer found that this action is barred by the Eleventh Amendment as it pertains to Defendant Hunter in his official capacity. Recommendation at 5 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)). Magistrate Judge Schaffer further found that Defendant Wickman, in his official capacity, is not protected by Eleventh Amendment immunity. Recommendation

at 6 (citing *Thomas v. St Louis Bd. Of Police Commrs.*, 447 F.3d 1082 (8th Cir. 2006)). However, because Plaintiff has not alleged any unconstitutional policy or custom attributable to a municipal policymaker Plaintiff's claim against Defendant Wickman in his official capacity is not sufficient to progress past the pleading stage. Recommendation at 8. Magistrate Judge Shaffer also found that Plaintiff's allegations are insufficient to state a claim that Defendants conspired to violate his constitutional right to due process because Plaintiff has not alleged an understanding, an agreement, or conserted action necessary to establish the Defendants' participation in a conspiracy. Recommendation at 10 (citing *Merritt v. Hawk*, 153 F. Supp. 2d 1216, 1225 (D. Colo. 2001)("Conclusory allegations that the defendants acted in concert or conspired without specific factual allegations to support such assertions are insufficient")). Additionally, Magistrate Judge Shaffer found that Plaintiff's claim is barred by the statute of limitations and the he has not alleged that Defendants acted affirmatively to prevent him from discovering this cause of action. Recommendation at 13. Finally, Magistrate Judge Shaffer found that as Plaintiff has failed to state a claim that Defendants' conduct violated a constitutional right the defendants are entitled to qualified immunity. Recommendation at 14 (quoting *Wilder v. Turner*, 490 F.3d at 813).

On January 26, 2009, Plaintiff filed a late Objection attached to a Request for Extension of Time (docket #75). Plaintiff's request is granted. Plaintiff's objections necessitate a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

Plaintiff makes several objections stemming from Magistrate Judge Schaffer's findings regarding his claims against Defendants in their official capacities.  Specifically, Plaintiff asserts that 1) the Court erred in assuming that Plaintiff is attempting to impose liability on the Defendants' employers; 2) the Court erred when stating that Plaintiff has not stated a claim against Defendant Wickman's employer; and 3) the Court erred when stating that a Plaintiff seeking to impose liability on a municipality under section 1983 must identify a municipality policy and custom causing their injury.  I agree with Magistrate Judge Schaffer that this action is barred by the Eleventh Amendment as it may pertain to Defendant Hunter in his official capacity and that to the extent Plaintiff makes a claim against Defendant Wickman in his official capacity such a claim is not sufficient to progress past the pleading stage.   It appears that Plaintiff fails to understand the nature of his claims against Defendants in their official capacities.  However, the fact that Plaintiff is pro se and does not understand how to properly frame his claims does not preclude his claims from being dismissed.

Plaintiff asserts that he has alleged sufficient facts as to the details of the time and place and the alleged effects of the claimed conspiracy.  I agree with Magistrate Judge Shaffer that Plaintiff's allegations are insufficient to state a claim that Defendants conspired to violate his constitutional right to due process.  "In order to survive a motion to dismiss [a § 1983 claim alleging a conspiracy] , the complaint must contain more than mere conclusory allegations." *Querry v. Messar*, 14 F. Supp. 2d 437, 452-53 (S.D.N.Y. 1998)(internal quotations and citation omitted).  Here, Plaintiff provides me with only blanket statements and conclusory allegations regarding the Defendants conduct and

fails to allege any meeting of the minds, understanding, or agreement to establish Defendants participation in a conspiracy against the Plaintiff.    Plaintiff argues that the Court erred when using the State of Colorado's two year statute of limitation law and in holding that the claims were time barred.  Plaintiff states that he has no access to "Civ. Proc." and cannot argue whether state law is appropriate in federal courts.  Objection at 6.  Plaintiff further asserts that because he has not yet received any of the evidence that he was seeking the wrong committed by Defendants is ongoing.  Again, the fact that Plaintiff does not understand the law governing statutes of limitations does not remedy the fact that the statute of limitations has run in this case.  Further, I agree with Magistrate Judge Schaffer that Plaintiff has not alleged that Defendants acted affirmatively to prevent him from discovering his cause of action and timely filing his claims, and as such, Plaintiff's claim is barred by the statute of limitations.  I have considered Plaintiff's remaining objections and find them to be of no merit.

Accordingly, it is hereby

ORDERED that the Recommendation of United States Magistrate Judge dated December 22, 2009, is **AFFIRMED and ADOPTED**.  It is

FURTHER ORDERED that Defendants' Motion to Dismiss is **GRANTED.**  It is

FURTHER ORDERED that this case is **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that Plaintiff's Request for Extension of Time (docket #75) is **GRANTED**.


Dated:  March 2, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U. S. District Judge